BRADY v. McGONAGLE, State Engineer.

No. 3495.   Decided January 11, 1921.   (195 Pac. 188.)

1. EVIDENCE—MATTER OF COMMON KNOWLEDGE THAT HUNDREDS OF FARMERS USE WATER FROM STREAMS OF STATE. It is a matter of common knowledge that on the various streams of the state there are hundreds of farmers and others using water therefrom, many of them with rights recognized without question for more than a half century.

2. WATERS AND WATER COURSES—FIRST APPROPRIATOR HAS BETTER RIGHT THAN SUBSEQUENT APPROPRIATOR. The first appropriator of any unused or unappropriated waters of the streams of the state has a better right than any subsequent appropriator.

3.  WATERS AND WATER COURSES—APPLICANT FOR APPROPRIATION OF
    WATERS NOT REQUIRED TO ESTABLISH FACT AS TO EXISTING
    RIGHTS. Persons claiming water in stream cannot be affected
    by any decision of the state engineer on application for an
    appropriation of alleged unappropriated waters when they are
    not before the engineer and have asserted no claim adverse
    to the interests of the applicant, and hence the applicant can-
    not be required by the state engineer to go into court and
    judicially establish the fact that there are unappropriated
    waters every time there may be a conflict or question between
    the applicant and the state engineer upon such fact, under
    Laws 1919, c. 67, Comp. Laws 1917, §§ 3454, 3455, 3451, 3542,
    3543, and where the state engineer rejected an application
    merely because he was of the opinion that there were no un-
    appropriated waters in the stream in question, the applicant
    could proceed against him by petition under Laws 1919, c. 67,
    § 65, without making other users of water on the stream par-
    ties; no protests having been filed.

4.  ACTION—FORM OR NAME OF ACTION IMMATERIAL. The form or
    the name of an action is wholly immaterial.

5.  COURTS—DISTRICT COURTS HAVE ORIGINAL JURISDICTION IN ALL
    MATTERS NOT EXCEPTED BY CONSTITUTION. Under Const. art.
    1, § 11, and Comp. Laws 1917, § 1667, district courts have
    original jurisdiction in all matters civil and criminal not ex-
    cepted by the Constitution, and not prohibited by it, and are
    open to all litigants for the redress of grievances, or the
    enforcement of rights.

6.  WATERS AND WATER COURSES—APPLICANT ENTITLED AS MATTER
    OF LEGAL RIGHT TO HAVE APPLICATION APPROVED IF UNAPPRO-
    PRIATED WATER EXISTS. An applicant to the state engineer for
    an appropriation of unappropriated water of a stream, who
    complied with Comp. Laws 1917, §§ 3542, 3543, 3451, 3454, 3455,
    3459, and Laws 1919, c. 67, is entitled as a matter of legal right
    to have his application approved and allowed if unappropriated
    water exists.

7.  WATERS AND WATER COURSES—APPLICANT FOR APPROPRIATION
    HELD ENTITLED TO BE HEARD IN DISTRICT COURT. Where an
    applicant to the state engineer for appropriation of alleged
    unappropriated water complied with Comp. Laws 1917, §§ 3542,
    3543, 3451, 3454, 3455, 3459, and Laws 1919, c. 67 and al-
    leged that there was unappropriated water in the stream in
    question, and the state engineer without any hearing rejected
    the application merely by reason of his opinion that there

was no unappropriated water, the applicant had a right to petition the district court under Laws 1919, c. 67, § 65, to require the engineer to approve the application, on showing that there existed unappropriated waters.

Appeal from District Court, Fourth District, Duchesne County; *A. B. Morgan*, Judge.

Action by Elias Brady against George F. McGonagle, State Engineer. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Dan B. Shields*, Atty. Gen., for appellant.

*M. B. Pope*, of Duchesne, for respondent.

GIDEON, J.

The plaintiff below, respondent here, instituted this action against the defendant, appellant here, to require the latter, as state engineer to allow plaintiff's application filed in the office of defendant for an appropriation of certain alleged unappropriated waters of a stream known as Antelope creek, located in Duchesne county.

Defendant interposed a general demurrer to the complaint, which was overruled. Subsequently an answer was filed. Trial was had, at which defendant did not appear. Judgment was rendered in favor of plaintiff directing the defendant to approve and allow the application.

From the allegations of the complaint and admission in the answer the following facts appear:

The defendant is the state engineer of the state of Utah, and was such at all of the times mentioned in the complaint. The plaintiff on March 12, 1918, made application to the defendant, as state engineer, to appropriate for use in irrigation two and one-seventh cubic feet of water per second of time from said Antelope creek. The application was received on May 27, 1918, and the same was examined and filed in the

engineer's office on June 20, 1918. Notice of the filing of such application, as is required by the statute, was published in a weekly newspaper published in said Duchesne county, the last publication being on September 16, 1918. No protests were filed with the state engineer against granting the application. On March 27, 1919, the defendant, in his official capacity, rejected and returned to plaintiff the application with this notation on same: ''See letter to applicant date of March 27, 1919.'' It was stated in said letter that there is no unappropriated water in said Antelope creek. .

The complaint further alleged (and these allegations are not admitted) that there is unappropriated water in said creek; that the plaintiff and his predecessors in interest had, for a period of more than eight years, irrigated the lands described in the application with the waters from said creek. A description of the lands sought to be irrigated is contained in the complaint and an allegation that the plaintiff is owner of the same. There is also an allegation that the action of defendant in rejecting the application was and is detrimental to the rights of plaintiff.

The prayer of the complaint was that there be an adjudication that there is unappropriated water in said creek, and that the plaintiff is entitled to have his application allowed.

The answer denied the allegations respecting the fact of there being unappropriated water in said creek, and also, upon information and belief, denied the other allegations of the complaint not admitted. An affirmative defense is alleged in which it is claimed that the defendant is improperly made a defendant in this action for the reason that he has no interest in the subject-matter of the litigation, and also that the court is without authority to adjudicate the rights involved in the controversy unless and until the prior appropriators of the waters of said Antelope creek be severally made defendants in this action.

The defendant did not appear either in person or by attorney at the trial in the district court.

The errors relied upon for reversal are that the court erred in overruling defendant's demurrer, and also in entering

judgment in favor of the plaintiff and against the defendant.

It is the contention of the defendant that he was not rightfully made a party to these proceedings, and that the court could make no adjudication respecting the question of unappropriated water in the creek in controversy unless all parties who had prior rights or interests in the water were brought into court.

The statute in force at the date of filing the original application in the state engineer's office, to wit, title 55, Comp. Laws Utah 1917, was repealed and superseded by the present statute, chapter 67, Laws Utah 1919. The present law became effective March 13, 1919. This action was begun May 24, 1919. The procedure, however, of applying for any unappropriated water is substantially the same in both statutes. The applicant is required to file in the state engineer's office a written application stating the nature of the proposed use, the quantity of water sought to be appropriated in acre-feet or second feet, the time in each year when it is to be used, the name of the stream or other source from which the water is to be diverted, the place where the same is to be diverted, etc. If to be used for irrigation, the application shall show the legal subdivisions of land proposed to be irrigated with the total area and the nature of the soil. Comp. Laws Utah 1917, § 3451; chapter 67, § 42, Laws Utah 1919. If the application sets forth the required facts, it is the duty of the engineer to file the same and to publish in some newspaper having a general circulation within the boundaries of the river system or water source from which said appropriation is to be made a notice of the application. Such notice shall show by whom the application is made, quantity of water sought to be appropriated, the stream from which the appropriation is to be made and at what point on the stream, and the use for which it is appropriated. Comp. Laws Utah 1917, §§ 3542, 3543; chapter 67, §§ 45, 46, Laws Utah 1919. The notice is to be published at least once a week for 30 days. It is also provided that any person, within 30 days after the completion of the publication of such notice, may file with the state engineer a written protest against granting the ap-

plication stating the reasons therefor, which shall be considered by the engineer, who shall approve or reject the application. Comp. Laws Utah 1917, § 3454; chapter 67, § 47, Laws Utah 1919.

It is alleged and admitted that these statutory requirements had been complied with prior to the date of the rejection of the application. This being so, and it also appearing that the applicant had complied with the rules of the engineer's office, it therefore was the engineer's duty to file the application and record the same in a book kept for that purpose. The statute also makes it the engineer's duty to approve all applications where the proposed use will not impair the value of existing rights or will not interfere with a more beneficial use of said water. Comp. Laws Utah 1917, § 3455; chapter 67, § 48, Laws Utah 1919.

There are other provisions in these sections respecting the duty of the engineer if he is convinced that the appropriation for water for a designated purpose is not for the most beneficial use, but such provisions are immaterial upon this appeal.

The answer admits that the defendant rejected the application for the reason stated in his letter of March 27, 1919, namely, that there was no unappropriated water in Antelope creek. The application stated that there was unappropriated water and sought to appropriate the same. No hearing was had by the engineer. No opportunity was given the applicant to establish the fact that there was unappropriated water in such stream. No protests or objections were made by any prior appropriators or others interested in the use of the waters of that stream. No contention is urged or suggested, either here or in the district court, or before the engineer, that the use for which the water was sought was not a beneficial use. As indicated, the rejection of the application was solely on the ground that the engineer was of the opinion that there was no unappropriated water in that stream.

The statute in force (Comp. Laws Utah 1917, § 3459) at the date of making the application provided that any applicant or protestant who is dissatisfied with the action of the

state engineer may bring an action in the district court for the purpose of adjudicating all questions involved. It also provided the time when the action might be brought and that notice of such action should be given to the state engineer, and thereafter no further action could be taken by him upon the application or protest until the questions involved had been determined by the court. The same section further provided that, where a decision of the state engineer is involved any one affected by the decision should have 60 days within which to appeal to the district court. If an appeal was taken and notice given to the state engineer, no further action could be taken by him until the matter had been determined by the court. In re-enacting that statute (chapter 67, § 54, Laws Utah 1919) the provision authorizing the bringing of a suit in the district court was omitted, but the provision respecting an appeal from a decision of the state engineer to the district court was retained. Section 65 of said chapter 67 provides that any person aggrieved or injured by the action of the state engineer may petition the district court for redress.

Two propositions arising out of the foregoing statement are contended for by the defendant: First, that before the court can adjudicate or make any finding respecting the question of unappropriated waters in the stream in question, it is necessary for all parties having any interest in the use of the waters of the stream to be before the court; second, that the statute gives to the plaintiff no right to institute this action, and that the court is without authority in this proceeding to adjudicate and determine any question regarding the fact as to whether there is or is not unappropriated waters in said stream. As the writer understands defendant's contention, it is to the effect that, if the applicant has any remedy, it is by appeal, and that the engineer is not a necessary or proper party to that appeal.

To uphold the first proposition could have but one result, namely, that where an application is refused by the engineer based upon a finding that there are no unappropriated waters in the stream, before any further proceedings can be

had the applicant would be under the necessity of instituting some proceeding by which it might be judicially determined that there are unappropriated waters in the stream from which the applicant seeks to appropriate water, and that all parties interested in the stream must be made parties in such action. Such intent on the part of the Legislature would seem, upon reflection, to be inconceivable. It is a matter of common knowledge that on the various streams of this state there are hundreds of farmers and others using water therefrom, many of them with rights recognized without question for more than a half century. It was never contemplated that the engineer, by allowing an application for unappropriated waters, could in any way disturb existing or prior rights. The rule of law that the first appropriator of any unused or unappropriated waters of the public streams of this state has a better right than any subsequent appropriator is so thoroughly embodied as a part of the fundamental law of this state that it is no longer open to question. To require those having such rights to go into a court and establish the fact that such rights exist every time that there may be a conflict or a question between an applicant and the state engineer upon the fact of whether there is unappropriated waters would be entirely useless and an expense and annoyance that it is apparent the Legislature never intended should be imposed upon prior appropriators or those having established water rights in any public stream of the state. To interpret the statute and give the legislation such intent would make it practically prohibitive against obtaining an appropriation of water in any of the public streams of this state if the engineer should be of the opinion that there are no unappropriated waters remaining in such stream or streams. Others claiming water in the stream could not, by any process of reasoning, be affected in their rights by any ruling or decision of the engineer when such parties are not before the engineer and have asserted no claim adverse to the interests of the applicant.

Respecting the second proposition, section 65, *supra*, would seem to be a sufficient answer.

In the present case, so far as the record discloses, the application was rejected solely upon a question of fact. The rejection was made without the taking of any proof, either in the way of affidavits, oral proof, or other evidence.

In the judgment of the writer it may be stated as an uncontrovertible proposition that the plaintiff, possessing, as he did, all the requirements prescribed by the statute giving him the right to make the appropriation, had a legal right to make such appropriation and to have his application allowed. That would seem to be self-evident, and no argument is required to support the statement. The application stated that there was such unappropriated water. The applicant had no opportunity to either prove or disprove the statement. If such right belonged to the plaintiff and there was unappropriated water, then, manifestly, it was the duty of the engineer to grant the application when the applicant had complied with the requirements of the statute entitling him to such right. The rejection of the application was an injury to the plaintiff, and he, as such injured or aggrieved party, under section 65, above referred to, would have the right to petition the district court for redress. True, the application to the district court is designated a complaint, but the complaint states such facts as would entitle the plaintiff, if true, to the relief sought and the same relief that he would or could have acquired had he designated the paper a petition. The form or the name of the action under the practice in this state is wholly immaterial.

The district courts of this state are courts of general jurisdiction. Such courts have original jurisdiction in all matters, civil and criminal, not excepted by the Constitution, and not prohibited by it. Const. Utah, art. 1, § 11; Comp. Laws Utah 1917, § 1667. Such courts are open to all litigants for the redress of grievances or the enforcement of rights. Such is elementary in the jurisprudence of this country.

As we have attempted to point out, the applicant was en-

titled, as a matter of legal right, to have his application approved and allowed if unappropriated water existed, and it would seem to follow as a necessary result that, if any one assails that right, he should somewhere have an opportunity to be heard in support of it. The district court is a tribunal clothed with authority to enforce such right.

In the proceedings in the district court it conclusively appeared from the evidence, and the court so found, that there was at the date of filing the application unappropriated waters in Antelope creek. The testimony tended to show that the plaintiff and his predecessors in interest had actually irrigated the land for which the water is sought for a period of eight years or more with water taken from this stream; that at no time, save during a short period in the year 1919, more than a year after the filing of the application, had any objections or protests been made by prior appropriators to such use of the water. An abstract from the state engineer's office established the fact that there had been only three prior appropriators of the waters of this stream, and that the total appropriation was in the neighborhood of five second feet. There was also testimony of two or three witnesses who were familiar with the flow of the water in this stream, and had been for a number of years, and who knew the land irrigated by the prior appropriators and the amount of water used by such prior appropriators, and their testimony was to the effect that practically during the entire irrigation season waste water ran down this stream, and the same had not been appropriated or used by others in the irrigation of land along the stream.

The objection that the engineer is not a proper party defendant cannot be sustained. The right of any one to divert and use unappropriated water must be initiated by filing an application in the state engineer's office. It was the duty of the engineer, upon proper showing, to grant the application. No other official is authorized to receive, consider, approve, or reject an application for the appropriation of water. Manifestly there was no other party

against whom the plaintiff could seek relief. The engineer, therefore, was not only a necessary, but an indispensable, party for the determination of the plaintiff's rights.

We are of the opinion, and so hold, under the circumstances shown in this record, that the court had jurisdiction both of the subject-matter and the parties, and that its judgment should be affirmed. Such is the order.

There is no allegation or proof that the defendant, in denying the application, acted arbitrarily or with any intent except to carry into effect his duty as a state official as he understood such duty. For that reason no costs will be allowed against either party in this court or in the district court.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.