YATES et al. v. NEWTON et al.

No. 3691.   Decided November 19, 1921.   (202 Pac. 208.)

1.   WATERS AND WATER COURSES—VESTED RIGHTS IN WATER CANNOT BE DISTURBED BY GRANT OF WATER RIGHTS BY STATE ENGINEER. It is beyond the authority of the state engineer to grant water rights that in any way disturb the rights of others to the use of waters in which they have acquired a vested right.[1]

[1] *Sowards v. Meagher*, 37 Utah, 212, 108 Pac. 1112; *Chandler v. Utah Copper Co.*, 43 Utah, 479, 135 Pac. 106; *Brady v. McGonagle*, 57 Utah, 424, 195 Pac. 188.

2. WATERS AND WATER COURSES—GRANT OF WATERS CONDITIONED THEY MUST NOT INTERFERE WITH VESTED RIGHTS HELD NOT TO BE SET ASIDE. In an action under Comp. Laws 1917, § 3459, to restrain the letting of water rights by the state engineer in Pole Canyon, in which waters plaintiffs had acquired a vested right for irrigation and culinary purposes, from April 15 to June 15 or July 4 of each year, and it was possible that by development of the gravelly bed of the ravine water might be conserved in addition to that appropriated by plaintiffs, a grant by the state engineer of the rights to the use of five second feet of the unappropriated waters of the canyon, which should not interfere with plaintiffs' rights, will not be set aside so long as plaintiffs' rights are not interfered with.

Appeal from District Court, Fifth District, Juab County; *Wm. F. Knox,* Judge.

Action by John M. Yates and another against J. F. Newton and another. Decree for plaintiffs, and defendants appeal.

REMANDED for modification of findings to conform to this opinion.

*J. H. McKnight,* of Nephi, for respondents.

*T. H. Burton,* of Nephi, for appellants.

GIDEON, J.

The respondents, plaintiffs below, protested in the state engineer's office two applications filed in that office by the appellants, defendants below, to appropriate what is claimed to be the unappropriated waters of two springs in Pole Canyon, Juab county, this state.

One of the applications was for irrigation, and one for power purposes. The applications were numbered, respectively, 6386 and 6385. The engineer denied the protest and approved the applications. On the application for irrigation, to wit, No. 6386, the engineer, in granting the application,

indorsed as a part of the order the following: "In making this application the applicants must not interfere with the prior rights of the protestants." No. 6385 was granted without limitation or qualification.

The respondents, protestants before the engineer, being dissatisfied with the order of the engineer, bring this action and seek a decree adjudging them to be the owners of the waters sought to be appropriated and restraining appellants from asserting any claim or right to such water.

The orders approving the applications were made by the engineer on January 22, 1917. This suit was begun on March 21, 1917, Comp. Laws Utah 1917, § 3459, the law in force at that time, provides:

"Any applicant or protestant who is dissatisfied with the action of the state engineer may bring an action in the district court of the county in which the point of diversion of the water proposed to be appropriated is situated, for the purpose of adjudicating the questions involved. Such action must be brought within sixty days of notice of the action of the state engineer, and, if not brought within that time, the engineer shall proceed in accordance with the action taken thereon by him. But if such action be brought within said time, notice thereof shall be filed with the state engineer, and thereafter he shall take no further action until the questions involved are determined by the courts. Upon the determination of the case by the courts, the clerk of the district court in which the decree is filed shall immediately file a certified copy thereof with the state engineer, and thereupon he shall proceed in accordance with such decree. * * *"

In the complaint respondents allege ownership of certain lands described; also, that they are the owners, and have been for more than 30 years past, and are entitled to the use of and have constantly used for beneficial purposes, all the waters of said Pole Canyon, during that time. It is then alleged that appellants made applications to the state engineer's office for the right to appropriate such water ,and that the engineer granted such applications; that the rulings of the engineer in granting the applications are erroneous and "injurious to the quiet right and possession of the plaintiffs herein." It is further alleged that this action is brought as an appeal from the orders and rulings of the engineer, and

that notice of the institution of the said action had been duly served on the engineer as required by law.

It appears that the waters in controversy are found in a deep canyon or ravine extending back practically two miles into the mountains near the summit of Mt. Nebo in Juab county. There are numerous springs found in this canyon, including the two in controversy. The waters from the various springs or bogs gather in the drain or outlet of the canyon and are sufficient in volume to reach respondents' lands from about April 15th to June 15th of each year. It appears from the testimony of one of the respondents that he had known this canyon for about 37 years; that the waters from the canyon came from the melting snows in the spring and early summer and from water running or seeping from these various springs into the defile or gorge leading from the canyon. The months during which the waters are sufficient in volume to reach respondents' lands vary somewhat, owing to the season. The length of time during the year that the water will run in sufficient quantity to reach respondents' lands is controlled largely by the fall of snow in the mountains. In a season when there has been a heavy snowfall in the winter months, the waters will continue to run in sufficient volume to reach the lands of respondents as late as July 4th. During the months of August and September, after a rain, the waters will frequently flow down in sufficient amount to reach their lands.

The court found the fact of appellants having applied to the state engineer to appropriate this water; also, that respondents protested those applications, and that after a hearing the engineer granted to appellants the right to appropriate five second feet of water for power and irrigation purposes to be used from the 1st day of January to the 31st day of December of each year. The court further found that respondents and their predecessors in interest, as early as 1884, appropriated all the waters of said Pole Canyon, including the waters of Pole Spring and Coal Spring, being the springs in controversy, and at all times had put the waters to a beneficial use. The court also found that at the

time the appellants applied for and were granted the right to appropriate and use the waters in Pole Canyon there were no unappropriated waters in said canyon flowing either above the ground or below the ground in known and defined channels.

As conclusions of law the court determined that respondents are entitled to the use of all of the waters in said Pole Canyon, including the waters of the two springs in controversy; that appellants are not, and neither of them is, entitled to construct irrigation works for the purpose of using any of the waters of Pole Canyon whether coming from either or both of the springs in question or from elsewhere; that appellants are not, and neither of them is, entitled to divert any waters for any purpose from said canyon. The court also concluded that the state engineer should be directed and commanded by the court to revoke and cancel the permits issued by him to appellants authorizing either or both of them to construct waterworks and to divert or appropriate water from said Pole Canyon.

It is the contention and argument of counsel for appellants that the testimony does not support either the findings of fact or the conclusions of law of the court.

There is no dispute in the record that respondents have for more than 30 years appropriated and used for beneficial purposes all the waters flowing from this canyon, namely, for irrigation and culinary purposes. It seems to be the theory of respondents that the mere fact of the state engineer having granted to appellants a right to the use of five second feet of unappropriated waters in said canyon will in some way interfere with or disturb the acknowledged rights of the respondents. As indicated above, there is no dispute in the testimony (in fact there was no evidence offered by appellants) that the respondents have continuously asserted their rights and have used all the waters flowing from this canyon during each and every year for beneficial purposes. Their rights to the use of that water have become fixed by long and continued use and enjoyment. No order of the engineer can disturb those vested rights. The statute

does not delegate any such power to the engineer. It is only in the event that the engineer finds unappropriated water that applicants may obtain rights to the use of water in this state. It is and has been the recognized policy of the state, and of the territory prior to statehood, to encourage the development and use of unappropriated waters from whatever source such waters may be obtained. The very life blood of the state, so far as agricultural and mining are concerned, depends upon the use of water. It appears that the gorge or ravine leading from this canyon is gravelly and that after June 15th, or thereabouts, the waters which run from the springs are not sufficient in volume to reach the mouth of the canyon, but sink into the sand and disappear. It evidently was the intention of the engineer, who is an experienced and capable man in his profession, that possibly by the expenditure of money and the gathering together of the waters of this canyon they could be prevented from sinking or disappearing into the ground and thereby be put to a beneficial use both in irrigation and in the production of power. It is quite evident that it was not the intention of the engineer to in any way disturb the rights of respondents to the use of the waters as they have been used for many years. If such were the intent, it was clearly beyond his power or authority to grant such right. *Sowards* v. *Meagher,* 37 Utah, 212, 108 Pac. 1112; *Chandler* v. *Utah Copper Co.,* 43 Utah, 479, 135 Pac. 106; *Brady* v. *McGonagle,* 57 Utah, 424, 195 Pac. 188.

It is strenuously argued by counsel for respondents that the testimony establishes beyond controversy that there are no waters running to waste in the canyon, and that any effort upon the part of appellants to conserve or gather together these waters would of necessity interfere with the rights of respondents.

Whether any water can be developed or any means devised by which these waters can be conserved or can be put to a beneficial use can be determined only by the expenditure of money in making the experiment. It would seem from the testimony in the record that such an effort must ultimately

prove a failure. However, as the engineer did not intend to grant and could not grant the appellants any rights that would disturb the rights of respondents, and it being the settled policy of this state to encourage the development of water and to conserve any water running to waste, the court should not have directed the engineer to cancel the orders approving the applications, but should have permitted the appellants to do whatever they may have concluded to be necessary to divert and conserve the waters of the canyon, if such can be done, at the same time directing and compelling appellants to perform such work and make such improvements as in no way to interfere with or disturb the rights of respondents.

It appears without dispute that, so far as irrigation or culinary purposes are concerned, no use is made of the waters of this canyon at any time except during the months from about April 15th to June 15th, or, at least, about July 4th. During the remainder of the year, so far as the record indicates, the respondents receive no benefits from and have made no attempt to utilize these waters.

The cause is therefore remanded to the district court of Juab county, with directions to modify its findings of fact, conclusions of law, and decree in accordance with the views herein expressed, but to retain jurisdiction of the case, and if it should be made to appear at any time that appellants in the effort to develop and conserve the waters of that canyon are in any way interfering with the rights of respondents, make such order as will protect those rights. Neither party will be allowed costs on this appeal.

CORFMAN, C. J., and THURMAN, WEBER, and FRICK, JJ., concur.