NYE et al. v. BACON, State Engineer, et al.

No. 4901. Decided January 23, 1933. (18 P. [2d] 289.)

*George P. Parker,* Attorney General, and *W. R. Skeen,* of Ogden, for appellant.

*John A. Sneddon,* of Ogden, for respondents.

STRAUP, C. J.

This case went off on a judgment on the pleadings in favor of the plaintiffs, from which the defendant Johnson has prosecuted this appeal. A complaint was filed in the district court of Weber county June, 1928, by the plaintiffs to set aside the granting of an application filed by Johnson in the office of the state engineer to appropriate certain alleged public and unappropriated waters described in his application, and to have it adjudged that the plaintiffs are and were the private owners of such waters and that they were not public waters and not subject to appropriation. By the plaintiffs it is alleged in their complaint that an application April 30, 1925, was filed by the defendant Johnson in the office of the state engineer whereby he sought to appropriate the waters in question for the purpose of irri-

gation; that protests thereto were filed by the plaintiffs alleging that the waters consisted of waters in a depression on the lands of plaintiffs arising by seepage and percolations from their lands, without any subterranean channel or flow, and were not public waters, but private waters owned and possessed by the plaintiffs, and were not subject to appropriation, and so were such facts also alleged in the complaint. It further was alleged that on April 16, 1925, and before the defendant Johnson filed his application in the office of the state engineer, an action had been commenced by the plaintiffs against Johnson to have adjudged that the waters were not public waters, but were private waters owned and possessed by the plaintiffs, that Johnson asserted or claimed an unfounded right or interest therein, but that he had no right, title, or interest therein or thereto, and that he be enjoined and restrained from interfering with the waters and with the plaintiffs' rights; that, on issues joined, such proceedings were therein had in that action, whereby, on November 2, 1925, it was adjudged and decreed that the waters in question and in which Johnson claimed an interest (and which he sought to appropriate), were not public waters, but were private waters owned and possessed by the plaintiffs, and were on and arose from seepage and percolations from plaintiffs' lands, and that Johnson had no right, title, or interest therein or thereto, or in and to the ditches by means of which the waters were conveyed and benefically used by the plaintiffs on lands owned and possessed by them, and that Johnson and all persons claiming under or through him be and they were restrained and enjoined from interfering with the use of the waters or the ditches and from claiming or asserting any right, title, or interest therein. Copies of the pleadings, findings, conclusions, and decree in such action were attached to the complaint in this action and made a part thereof. It further was alleged that a certified copy of such findings and decree, on November 4, 1925, was served on the state engineer, but, notwithstanding such proceedings

and decree and notwithstanding the protests and objections of the plaintiffs theretofore filed with the state engineer, he, on April 20, 1928, without notice or a hearing, approved and allowed Johnson's application to appropriate the waters in question.

It was further alleged that this "action is brought in the nature of an appeal from the decision of the defendant Geo. M. Bacon, the State Engineer, approving, granting, and allowing" the application of Johnson to appropriate the waters in question. It thus was prayed that the action and the decision of the state engineer approving and allowing the application be vacated, and that plaintiffs be given such other relief "as may seem meet and proper in the premises."

The defendant Johnson answered the complaint admitting all of the allegations thereof, except the allegations that the waters in the depression were not waters arising out of a public spring and that they were seepage and percolating waters from lands of the plaintiffs, without any subterranean flow or channel, and that Johnson had no right, title, or interest in such waters or in or to the ditches by means of which the waters were conveyed from the depression on the plaintiffs' lands. But Johnson by his answer did not deny, but admitted all of the allegations with respect to the prior proceedings alleged in the complaint and as shown by the certified copy of such proceedings attached thereto and wherein it was adjudged and decreed that the waters in question were not public waters but were private waters owned and possessed by the plaintiffs and not subject to appropriation, and that Johnson had no right, title, or interest therein or thereto or in or to the ditches, and was restrained and enjoined from in any way interfering therewith, and in no particular did the defendant Johnson allege any invalidity of the decree rendered in such prior proceedings nor did he in any manner disclaim the binding effect thereof.

The same kind of an answer was filed by the state engi-

neer together with further averments that he was not a party to such alleged prior proceedings, and that, after the rendition and notice of the decree and after it became final, he "believed it was his duty to act independently and to use his own judgment concerning the rights of the parties as he had determined them from his own personal investigation, and that he was not called upon to act upon any decree of the court that may have been rendered wherein he was not a party, and that he was not called upon to investigate or determine whether or not the facts in the case which had been decided by the court were the same as those presented in connection with the application, and believing that he was acting in accordance with the rights of the parties as he had determined them, and in accordance with the duty imposed upon him by the statute he did approve said application." However, the state engineer further averred that he had theretofore filed a disclaimer in the cause, and "felt" that he was not further interested therein "to warrant him in participating to any extent in the trial of said cause," and so in effect further disclaimed.

Upon such pleadings, the court on motion of the plaintiffs rendered judgment in their favor, in effect holding that the parties were precluded by the former alleged and admitted proceedings and decree that the waters in question were seepage and percolating waters belonging to the plaintiffs and were not public waters subject to appropriation, and thereupon annulled and vacated the ruling or order of the state engineer approving and allowing the application of the defendant Johnson to appropriate the waters in question.

As is seen, the complaint filed herein, on June 7, 1928, was in the nature of an appeal from the ruling or order made by the state engineer in April, 1928, granting the application of Johnson to appropriate the waters in question. In assailing the judgment or decree so rendered, it, in substance, is contended by Johnson, the only appellant, that it was within the exclusive province of the state engineer to determine whether the waters in

question were or were not public waters and that the district court "was without jurisdiction to hear or determine whether or not the waters involved were public or private waters." In such respect he cites and relies on the case of *Brady* v. *McGonagle*, 57 Utah 424, 195 P. 188, 191, where it was held that "the right of any one to divert and use unappropriated water must be initiated by filing an application in the state engineer's office," and the case of *Deseret Live Stock Co.* v *Hooppiania*, 66 Utah 25, 239 P. 479, 483 where it was held that "the method of acquiring any rights to the unappropriated public waters of the state" was limited to the method or means prescribed by chapter 67, Laws Utah 1919.

But we are of the opinion such cases are here inapplicable. The question involved and which it was alleged and admitted in the prior proceedings was as to whether the waters in question were public and unappropriated waters, or whether they were private waters owned and possessed by the plaintiffs and not subject to appropriation. By a court of competent jurisdiction, that question in the prior proceeding as alleged and admitted was determined in favor of the plaintiffs and against the defendant Johnson. That judgment being final and unappealed from was not only binding on the parties, but also on the state engineer. He had no authority to disregard it. On the contrary, he was, as were the parties thereto, bound to respect it, and, when a certified copy of the findings and of the decree was served upon him, it was his duty to rule and act accordingly. He disobeyed it because, as he averred, he was not a party to the proceedings, and for that reason the prior decree was not binding on him. He had no right to do that. And, when he made a ruling or rendered a decision contrary thereto, the district court undoubtedly, in pursuance of Laws Utah 1919, c. 67, § 54, permitting appeals from rulings and orders of the state engineer, had power and jurisdiction to annul and vacate the rulings and order of the state engineer so made in conflict with such prior decree.

We therefore are of the opinion the judgment of the court below should be affirmed. Such is the order; costs to respondents.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.