**STATE of Utah, Plaintiff and Appellee,**

v.

**Moises Prado RODRIGUEZ, Defendant and Appellant.**

No. 910636–CA.

Court of Appeals of Utah.

Nov. 13, 1992.

Milton T. Harmon, Nephi, for defendant and appellant.

R. Paul Van Dam and Marian Decker, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant appeals his conviction of possession of a controlled substance with intent to distribute, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(iv) (Supp.1992). We affirm.

## BACKGROUND

Defendant, a California resident, was driving a van on Interstate 15 at 83 miles per hour when he was stopped for speeding. He was accompanied by Arnoldo Padilla. Defendant provided the trooper with a vehicle registration indicating that the van was registered to a Noal Reyes. The trooper testified that when he asked who the van belonged to, they indicated that it belonged to "Armando."

The trooper suspected that the van was stolen, despite the lack of a stolen vehicle report, so he requested permission to search the van. Defendant and Padilla both consented. In the course of that search, the trooper noticed cracks in the back door panel. He testified that because of his training he was aware that such cracks could be caused by removal and replacement of the panel when concealing something in the cavities of the door. He lifted a corner of the panel and saw a plastic bag in the door. He then removed the panel and discovered two kilo packages of cocaine. Defendant and Padilla were arrested and charged with possession of a controlled substance with the intent to distribute.

Defendant moved to suppress the cocaine, alleging that the search was unconstitutional. The State countered by asserting that defendant did not have standing to challenge the search because he was not the owner of the vehicle, and, in the alternative, that defendant consented to the search. At the suppression hearing, defendant testified that Padilla had borrowed the van to drive to Salt Lake City to visit a friend. Defendant asserted that he agreed to join Padilla on the trip, and to help drive, in order to look for work in Salt Lake City. He expressly denied having any connection to the van—it was simply his turn to drive when they were stopped. The trial court ruled that defendant lacked standing to challenge the constitutionality of the search and denied the motion to suppress.

## ANALYSIS

On appeal, defendant challenges the constitutionality of the search of the van. He does not, however, challenge the trial court's ruling that he lacks standing to raise his constitutional challenges. Standing is a threshold question when asserting Fourth Amendment rights. *See generally State v. Webb*, 790 P.2d 65, 80–81 (Utah App.1990). It is axiomatic that we may

address the merits of defendant's constitutional claims only if he has standing to bring them. We are prevented from addressing defendant's standing, however, by his failure to appeal the trial court's ruling that he lacks standing.

In general, if a defendant has not raised an issue on appeal, we may not consider the issue sua sponte. *See State v. Larocco*, 794 P.2d 460, 473 (Utah 1990) (court does not address Fourth Amendment issues not raised, briefed or argued). Prior to *State v. Schlosser*, 774 P.2d 1132 (Utah 1989), standing to raise a Fourth Amendment challenge was viewed as a jurisdictional issue that could be raised by the parties at any time, or by the court sua sponte. *See generally State v. Leonard*, 825 P.2d 664, 668–69 n. 6 (Utah App.1991). In *Schlosser*, however, the Utah Supreme Court held that Fourth Amendment standing is a substantive issue, not a jurisdictional issue. It is therefore waived by the state if not raised at trial. 774 P.2d at 1138–39. If Fourth Amendment standing is a substantive issue that may be waived by the State, then defendant's failure to appeal the trial court's ruling that he lacks standing, likewise, constitutes a waiver of the issue.

Since the defendant has failed to appeal the trial court's ruling that he lacks standing, it remains the law of the case. *See Tracy v. University of Utah Hosp.*, 619 P.2d 340, 342 n. 4 (Utah App.1980). Consequently, we may not reach the merits of defendant's constitutional claims because defendant does not have standing to raise them on appeal.[1]

There being no other errors alleged, we affirm the conviction.

BILLINGS and ORME, JJ., concur.

---

1. Not only does defense counsel fail to appeal the trial court's standing ruling, the issues he does raise on appeal, i.e., whether there was an articulable suspicion for the stop, whether defendant's consent was voluntary, and whether the scope of the detention was proper, were not raised below. We may not, therefore, consider them for the first time on appeal. *State v. Webb*, 790 P.2d 65, 77 (Utah App.1990). Thus, the issues which might have arguably been raised in defendant's defense have not been properly preserved or presented for our review. *See State v. Sepulveda*, 200 Utah Adv.Rep. 72, 76 n. 5, — P.2d ——, — n. 5 (Utah App.1992).