1999 UT App 086

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Christopher David WRIGHT, Defendant and Appellant.**

**No. 981058–CA.**

Court of Appeals of Utah.

March 18, 1999.

---

Ronald W. Perkins, Farr Kaufman Hamilton Sullivan, Ogden, for Appellant.

Jan Graham, Atty. Gen., Catherine M. Johnson, and Barnard N. Madsen, Asst. Attys. Gen., Salt Lake City, for Appellee.

Before WILKINS, P.J., and BENCH and JACKSON, JJ.

## OPINION

JACKSON, J.

¶1 Christopher David Wright challenges the trial court's denial of his motion to suppress evidence and his subsequent convictions for possessing marijuana and drug paraphernalia. His convictions were entered under a conditional plea agreement reserving the right to appeal the suppression issue. *See State v. Sery,* 758 P.2d 935, 939 (Utah Ct.App.1988) holding conditional plea valid when court and prosecutor accept agreed-upon condition. We affirm.

## BACKGROUND

¶2 Wright has specifically stated in his brief that he accepts the trial court's factual findings for purposes of this appeal. We therefore recite the facts from those findings.

¶3 On September 5, 1996, Sergeant Paul Mangelson of the Utah Highway Patrol saw a car driven by Wright weaving across the highway lane divider at least twice. The car's license plate was loose and jiggling. After running a check on the license number, which showed that no information was on file, Sergeant Mangelson stopped Wright.

¶4 While asking Wright routine questions, Sergeant Mangelson detected the odor of raw marijuana coming from the car. The sergeant asked Wright for permission to search the car for marijuana. When Wright refused, the sergeant ordered him from the car, patted him down, and told him to open the car trunk. There, Sergeant Mangelson found a duffel bag containing twenty-five pounds of marijuana. The sergeant arrested Wright on drug possession charges.

¶5 Wright moved to suppress the evidence seized from the trunk. He argued that Sergeant Mangelson lacked probable cause to search the trunk, violating his right to be free from unreasonable search and seizure. When the trial court denied his motion, Wright entered a conditional guilty plea, maintaining the right to raise the probable cause issue on appeal.

## ANALYSIS

¶6 "We review a trial court's determination of whether a particular set of facts constitutes probable cause nondeferentially for correctness, affording a measure of discretion to the trial court." *State v. Spurgeon,* 904 P.2d 220, 225 (Utah Ct.App.1995).

¶7 The concept of probable cause is vital to protecting Fourth Amendment rights.[1] *See id.* at 225–26. In general, police officers may not search or seize without a warrant supported by probable cause.[2] *See id.* at 226. Warrantless searches and seizures are per se unreasonable unless they meet the criteria of an accepted exception to the Fourth Amendment's warrant requirement. *See id.* Two such exceptions involve searches of mobile vehicles and seizure of evidence in plain view. *See id.* Still, these

---

1. The Fourth Amendment to the United States Constitution states:
   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

2. "A warrantless automobile search is not justified by probable cause alone, but must also be premised upon exigent circumstances." *State v. Maycock,* 947 P.2d 695, 697 (Utah Ct.App.1997). However, because Wright has not raised the issue of exigent circumstances, we address only the existence of probable cause.

exceptions are applicable only when supported by probable cause. *See id.*

¶ 8 Probable cause is present when " ' "the facts and circumstances within [the officers'] knowledge and of which they ha[ve] reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that" an offense has been or is being committed.' " *Id.* (alterations in original) (quoting *State v. Dorsey,* 731 P.2d 1085, 1088 (Utah 1986) (quoting *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949))). It is "an objective standard"—a police officer's subjective beliefs are not the benchmark. *Id.*

¶ 9 Even so, a court may consider an officer's particular experience and education in determining whether probable cause exists. *See id.* For instance, an officer's special familiarity with how controlled substances smell is germane to evaluating whether an officer had probable cause to search and seize. *See id.* Indeed, " 'probable cause … may arise from an officer's sense of smell.' " *Id.* at 227 (quoting *State v. Bartley,* 784 P.2d 1231, 1236 (Utah Ct.App. 1989)). Further, "[i]t is well settled that the odor of marijuana emanating from a vehicle establishes probable cause for the warrantless search of that vehicle." *Id.* We have held that " '[a] strong, emanating odor of marijuana comes within the "plain view" doctrine and need not be ignored by officers.' " *State v. Naisbitt,* 827 P.2d 969, 972 (Utah Ct.App.1992) (alteration in original) (quoting *United States v. Manbeck,* 744 F.2d 360, 380 n. 34 (4th Cir.1984)).

¶ 10 It is undisputed here that Sergeant Mangelson smelled marijuana before he searched. That fact alone gave him probable cause to search under the principles outlined above. What Wright questions is whether the probable cause which clearly existed supported the sergeant's search of the trunk, as opposed to the passenger compartment. Wright argues that the smell of marijuana justifies an officer in searching only the passenger compartment of the car to corroborate the smell with evidence before searching the trunk. To support this proposition, Wright cites *United States v. Nielsen,* 9 F.3d

1487 (10th Cir.1993), a case this court described with approval in *State v. Maycock,* 947 P.2d 695, 697 (Utah Ct.App.1997).

¶ 11 In *Nielsen,* an officer on a car stop smelled burnt marijuana coming from the defendant's open window. *See Nielsen,* 9 F.3d at 1488. On that basis, the officer asked for and received permission to search the car's interior for the source of the odor. *See id.* The officer's search was fruitless. *See id.* Still, he persevered and, despite the defendant's protests, searched the car trunk, where he found cocaine and scales. *See id.* The defendant moved to suppress the evidence found in the trunk, arguing the officer lacked probable cause to search there.

¶ 12 The Tenth Circuit agreed, holding that the smell of burnt marijuana gave the officer probable cause to search only the passenger compartment. *See id.* at 1491. Once the officer was unable to corroborate the smell with evidence from the passenger compartment, probable cause could not support a search of the trunk. *See id.* The court noted, "The scope of a warrantless search of an automobile 'is defined by the object of the search and the places in which there is probable cause to believe that it may be found.' " *Id.* (quoting *United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982)). The court further reasoned that "[t]he smell of burnt marijuana would lead a person of ordinary caution to believe the passenger compartment might contain marijuana." *Id.*

¶ 13 The Tenth Circuit has since used this language from *Nielsen* and *Ross* to support its holding in a case directly on point here. *See United States v. Downs,* 151 F.3d 1301, 1303 (10th Cir.1998). In *Downs,* the court recognized "a common sense distinction between the smells of burnt and raw marijuana based on the imperative that the scope of a warrantless search 'is defined by the object of the search and the places in which there is probable cause to believe that it may be found.' " *Id.* (quoting *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172). In further explanation, the court stated that

[t]he smell of burnt marijuana is generally consistent with personal use of marijuana

in the passenger compartment of an automobile. In such a case, therefore, there is no fair probability that the trunk of the car contains marijuana and an officer must limit the search to the compartment absent corroborating evidence of contraband. When, on the other hand, an officer encounters, as was the case here, the overpowering smell of raw marijuana, there is a fair probability that the car is being used to transport large quantities of marijuana and that the marijuana has been secreted in places other than the passenger compartment. Accordingly, in such circumstances, a search of the trunk is appropriate.

*Id.* (citations omitted).

¶ 14 We agree with the Tenth Circuit's rationale and apply it here. In this case, Wright does not dispute the trial court's finding that Sergeant Mangelson smelled the odor of marijuana coming from his car. The only testimony on this issue at the hearing was that the odor was that of raw marijuana. An odor of raw marijuana strong enough to be smelled from outside a car "would lead a person of ordinary caution" to believe that marijuana in bulk may be stored in the car trunk. *Id.* The trial court thus correctly determined that Sergeant Mangelson had probable cause to search the trunk.

¶ 15 Based on our analysis, we need not address Wright's other argument that the trunk search was not justified as a search incident to arrest. Affirmed.

¶ 16 MICHAEL J. WILKINS, Presiding Judge, and RUSSELL W. BENCH, Judge, concur.

