214 P.3d 878 (2009)
2009 UT App 169
STATE of Utah, in the interest of D.A.B., a person under eighteen years of age.
D.A.B., Appellant,
v.
State of Utah, Appellee.
No. 20080281-CA.
Court of Appeals of Utah.
June 25, 2009.
Joseph E. Wrona and Jared C. Bowman, Park City, for Appellant.
Mark L. Shurtleff, Atty. Gen., Marian Decker, Asst. Atty. Gen., Salt Lake City, for Appellee.
Before Judges GREENWOOD, THORNE, and McHUGH.

MEMORANDUM DECISION
GREENWOOD, Presiding Judge:
¶ 1 D.A.B. appeals the trial court's denial of his motion to suppress evidence of possession *879 of drug paraphernalia. Police officers responded to a Park City, Utah home whose owners were out of town, after a neighbor reported seeing individuals inside the home. Police found D.A.B. inside the home with some friends. There was no vehicle in the driveway, and an officer asked the juveniles how they got to the home. One of the juveniles, K.S.G., stated he had driven to the home and had parked around the corner. Officer Brad MacFarlane held out his hand to K.S.G. and asked, "Can I see your car keys so I can search your car, please?" K.S.G. handed his keys to Officer MacFarlane, who drove to K.S.G.'s vehicle and searched it. Inside K.S.G.'s vehicle, Officer MacFarlane found a closed backpack. Officer MacFarlane later stated that an odor of marijuana emanated from the backpack. Officer MacFarlane opened the backpack and found a broken glass marijuana pipe wrapped in a pair of boxer shorts. Officer MacFarlane returned to the house, where D.A.B. admitted that the backpack and pipe belonged to him. On appeal, D.A.B. challenges the search of both the car and the backpack.
¶ 2 We first consider whether D.A.B. had standing to challenge the search of the vehicle. "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." Rakas v. Illinois, 439 U.S. 128, 132 n. 1, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In order to challenge a search of a third person's property, a defendant must have a "legitimate expectation of privacy in the invaded place." Id. at 143, 99 S.Ct. 421. The juvenile court found that D.A.B. "had no such ownership or possessory interest in [K.S.G.]'s vehicle."
¶ 3 D.A.B. argues that the trial court misconstrued Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); specifically, D.A.B. asserts that "[a]ccording to Rakas, a passenger in a vehicle does not need a possessory or ownership interest in a vehicle to challenge the search of his or her personal belongings within that vehicle." D.A.B. also relies on State v. Bissegger, 2003 UT App 256, 76 P.3d 178, where we held that the defendant, "as a passenger asked by a police officer to leave the car, ha[d] standing to object to the seizure and search of her personal property found inside the car." Id. ¶ 12. D.A.B. argues that Bissegger, combined with D.A.B.'s interpretation of Rakas, gives D.A.B. standing to directly challenge the search of K.S.G.'s vehicle. We disagree. Bissegger is clear that "a car passenger does not normally have standing to object to a search of the car absent an ownership or possessory interest in the car." Id. ¶ 8. In that case, we simply concluded that the defendant "had a legitimate expectation of privacy in her [belongings] left in the car," and thus had standing to object to the search of her personal belongings. Id. ¶ 12. Therefore, we conclude that D.A.B.'s interpretation of Rakas is inaccurate; neither Rakas nor Bissegger provides D.A.B. standing to object to the search of K.S.G.'s vehicle.[1]
¶ 4 D.A.B. next argues that the State waived the standing issue by conceding that D.A.B. had standing. D.A.B. points to the prosecutor's statement that "[D.A.B.] may have, and he does have, that right, to challenge the search." D.A.B. cites State v. Rodriguez, 841 P.2d 1228 (Utah Ct.App.1992), which states that "standing is a substantive issue, not a jurisdictional issue. It is therefore waived by the state if not raised at trial." Id. at 1229; see also State v. Schlosser, 774 P.2d 1132, 1139 (Utah 1989) ("Since the issue of [the defendant]'s standing to challenge the officer's search has not been raised by the State, it has been waived and is not properly before us."). However, Rodriguez is distinguishable because, in that case, standing was not raised on appeal. See Rodriguez, 841 P.2d at 1229. Here, the issue was discussed before the juvenile court and Defendant now challenges it on appeal. Furthermore, the State convincingly points to other comments made by the prosecutor indicating that the prosecutor did not actually concede that D.A.B. had standing. Thus, we do not agree with D.A.B. that the State conceded that D.A.B. had standing and thereby waived the argument.
*880 ¶ 5 D.A.B. also argues that the juvenile court failed to apply Utah's two-step test for assessing standing to challenge a warrantless search under State v. Sepulveda, 842 P.2d 913, 915 (Utah Ct.App.1992), and cited in Bissegger, 2003 UT App 256, ¶ 7, 76 P.3d 178. Under that analysis, the court must "examine whether the defendant has demonstrated a subjective expectation of privacy in the object of the challenged search ... [and] conclude, as a matter of law, whether society is willing to recognize the individual's expectation of privacy as legitimate." Sepulveda, 842 P.2d at 915 (citations and internal quotation marks omitted). While it is true that the juvenile court did not follow this methodology, we conclude that it was harmless error. See State v. Spillers, 2007 UT 13, ¶ 24, 152 P.3d 315 (defining harmless error as "an error that is sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the proceedings"). That is, Rakas clarifies that D.A.B. did not have a legitimate privacy interest in the vehicle, while Bissegger clarifies that he most likely had a legitimate privacy interest in the backpack. However, the State does not challenge the juvenile court's holding that D.A.B. could challenge the search of his backpack. Instead, the State asserts other bases to legitimize the warrantless search of the backpack.
¶ 6 We must then determine whether the warrantless search of the backpack was lawful. In State v. Duran, 2007 UT 23, 156 P.3d 795, the Utah Supreme Court affirmed this court's holding "that although the odor of marijuana ... gave rise to probable cause for a search, it did not create exigent circumstances that would justify the[] warrantless search of the trailer." Id. ¶ 4. The State argued in Duran that exigent circumstances existed because the marijuana would be destroyed during the "process of smoking," but the supreme court held that probable destruction of evidence "does not, without more, create an exigent circumstance sufficient to justify a warrantless search." Id. ¶ 15. Thus, consistent with rulings from this court and others, Duran acknowledges that the odor of marijuana, burning or not, provides probable cause. See Wayne R. LaFave, Search and Seizure § 3.6(b) (4th ed.2004) (recognizing "courts have found probable cause to search when the distinctive odor of marijuana is found emanating from a particular place"). Here, the juvenile court found that "[a]n odor of marijuana emanated from the backpack." We review this finding of fact for clear error. See Bissegger, 2003 UT App 256, ¶ 5, 76 P.3d 178. Based on Officer MacFarlane's testimony and D.A.B.'s failure to challenge this finding, we see no clear error, and thus, we affirm the trial court's conclusion that the smell of marijuana coming from the backpack provided probable cause to search the backpack.
¶ 7 Although Duran held that exigent circumstances did not justify a warrantless search when there is an odor of marijuana, it did not invalidate such a search under the automobile exception to the warrant requirement. Under that exception, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more." State v. Griffith, 2006 UT App 291, ¶ 6, 141 P.3d 602 (omission in original) (internal quotation marks omitted). D.A.B. argues that the exigent circumstances exception to the warrant requirement is the same as the automobile exception, but cites no authority for that proposition. We have previously held "that the odor of marijuana emanating from a vehicle establishes probable cause for the warrantless search of that vehicle." State v. Wright, 1999 UT App 86, ¶ 9, 977 P.2d 505. Thus, we conclude that an officer may search an item in a car without a warrant where there is an odor of marijuana and the automobile and its contents are readily mobile. Accordingly, Officer MacFarlane's search of D.A.B.'s backpack was lawful.
¶ 8 Consequently, we affirm.
¶ 9 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and CAROLYN B. McHUGH, Judge.
NOTES
[1] Because we have determined D.A.B. lacks standing to challenge the search of the vehicle, we do not address his argument that there was not valid consent for the search.