George K. SCHONEY and Erma J. Schoney, et al., Plaintiffs and Appellants,

v.

MEMORIAL ESTATES, INC., et al., Defendants and Respondents.

No. 880630–CA.

Court of Appeals of Utah.

April 6, 1990.

Daniel F. Bertch and Robert J. DeBry, Salt Lake City, for plaintiffs and appellants.

Earl Jay Peck and Stephen L. Henriod, Salt Lake City, for defendants and respondents.

## OPINION

Before BILLINGS, GARFF and ORME, JJ.

ORME, Judge:

Plaintiffs, the Schoneys,[1] appeal from the trial court's judgment in favor of defendant Memorial Estates. The judgment was based on two independent grounds: 1) Summary judgment on the merits and 2) default judgment for failure to respond timely to a discovery request. We affirm as to the default judgment and accordingly have no need to consider the propriety of the summary judgment.

## PROCEDURAL HISTORY

This case involves a long-standing dispute over a contract for mausoleum space and other "pre-need" funeral arrangements. The procedural history of this long-pending case is convoluted but in view of our disposition we need only summarize a few key developments.

Plaintiffs initially filed a complaint against defendant on June 17, 1982. An answer was filed and discovery by both sides proceeded. In February 1983, the

---

1. During the long course of this case, appellant George K. Schoney died. One issue on appeal is whether the trial court erred in dismissing the action as to him on the theory a suggestion of death was made on the record but no timely substitution of party was made. In view of our disposition of the case, we need not reach that issue. For convenience, in this opinion we will refer to plaintiffs in the plural.

case was certified to proceed as a class action. The second amended complaint was filed in June 1983. Further discovery was undertaken and two more amended complaints were filed over the next couple of years. In June 1985, the class was decertified and plaintiffs proceeded as the sole plaintiffs in the case. More discovery ensued.

Finally, in December 1987, defendant moved for summary judgment. On January 15, 1988, the court, which was apparently otherwise inclined to grant the motion, denied the motion for summary judgment, without prejudice, for the purpose of giving plaintiffs a further opportunity to amend their complaint to address matters raised in the motion. This represented plaintiffs' fifth opportunity to amend.

In February 1988, the court then issued a scheduling order which, inter alia, set both a firm trial date of July 6–7, 1988, and a discovery cut-off date for June 10, 1988. On April 29, 1988, plaintiffs were served with a set of interrogatories. Having received no response to these interrogatories by the discovery cut-off date, defendant renewed its motion for summary judgment on June 14, 1988, and simultaneously sought sanctions for plaintiffs' failure to comply timely with their discovery obligations.

The court subsequently heard counsel's arguments and issued an order granting default judgment against plaintiffs for failing to answer defendant's interrogatories, although answers thereto were tendered at the hearing. In the alternative, the court also entered summary judgment against plaintiffs, concluding there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law.

## AVAILABILITY OF SANCTION

■ The trial court entered default judgment against plaintiffs because they failed to comply with a discovery request within the time permitted by the rules and within the time provided by the court's order imposing a discovery cut-off. The entry of default judgment as a sanction based on failure to fulfill discovery obligations is within the discretion of the trial court. C. Wright and A. Miller, *Federal Practice and Procedure* § 2291, at 812–13, 817 (1970). Management of the actions pending before it is uniquely the business of the trial court and while an appellate court may, of course, intervene if discretion is abused, we accord trial courts considerable latitude in this regard and considerable deference to their determinations concerning discovery.

Rule 37(d) of the Utah Rules of Civil Procedure allows a court to impose sanctions against a party for disregarding discovery obligations even when that party has not directly violated a court order specifically compelling discovery.[2]

> [Rule 37(d)] allows the court in which the action is pending, on motion, to impose a variety of sanctions on a party who ... has failed to serve answers or objections to interrogatories submitted under Rule 33....
>
> No court order is required to bring Rule 37(d) into play. It is enough that ... a set of interrogatories ... has been properly served on the party.

C. Wright and A. Miller, *Federal Practice and Procedure* § 2291, at 807 (1970). The possible sanctions the court may impose include those listed in paragraphs (A), (B), and (C) of Utah R.Civ.P. 37(b)(2). Paragraph 37(b)(2) states: "[T]he court in which the action is pending may make such orders in regard to the failure [to fulfill discovery obligations] as are just, and among others the following: ... (C) ... rendering a judgment by default against the disobedient party."

Notwithstanding the opportunity under Rule 37(d) to immediately impose a sanction upon learning of a dereliction in discovery, Utah trial courts frequently first issue an order compelling discovery, typi-

---

**2.** By contrast, Utah R.Civ.P. 37(b) authorizes discovery sanctions only where particular kinds of court orders have been violated.

cally coupled with an award of attorney fees, and only impose more severe sanctions if that order is not complied with. However, consistent with the plain language of Rule 37(d) and the analysis offered by Wright & Miller, the Utah Supreme Court has held that "under Rule 33 [governing interrogatories], a party has a certain specified time to answer; if he does not, he has *failed* to answer, and the opposing party may appropriately invoke the sanctions [authorized by rule 37(d) ]." *W.W. & W.B. Gardner, Inc. v. Park West Village, Inc.*, 568 P.2d 734, 737 (Utah 1977) (emphasis in original). The Court further stated that a failure to comply with a discovery request of the sort mentioned in Rule 37(d) is itself enough to permit the court to impose sanctions, although the court "has discretion about the sanction to be imposed." *Id.* (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 2291, at 811–812 (1970)).

Since the imposition of sanctions is discretionary with the trial court, and default judgment is one of the sanctions mentioned in Rule 37, our limited inquiry is whether the trial court abused its discretion in entering a default judgment in this case. Although the sanction imposed was the ultimate sanction and the more typical two-step approach was not employed, we conclude the court did not abuse its discretion given the posture of this case.

## FACTORS SUPPORTING TRIAL COURT'S DECISION

■ Several factors support the trial court's decision and convince us that its discretion was not abused in entering default judgment. First, the plaintiffs in this case were, in effect, living on borrowed time. They had filed several amended complaints with the court, and seem to have narrowly escaped summary judgment when defendant made such a motion just prior to plaintiff's convincing the court to permit a *fifth* amended complaint. The opportunity to further amend was made available by a court growing short on patience and determined to keep plaintiffs on a short tether. Plaintiffs should have been abundantly aware that time to answer beyond that permitted by Rule 33 was not likely to be forthcoming as a matter of judicial grace.

Second, this case had been pending for years before judgment was finally entered. It would seem from the record that everyone, including the court,[3] shares some blame for this delay. Nonetheless, there was no counterclaim in this case, and the primary responsibility for moving the case along rested with plaintiffs. Plaintiffs were, at best, somewhat uneven in discharging their burden of prosecuting the case in a timely fashion during its five-year life at the trial level.[4]

Third, the court itself had become involved in the discovery process, unqualifiedly indicating its desire to bring the lengthy proceedings to an end. The court had imposed an order fixing a cut-off date for discovery. While such an order is not on precisely the same footing as an order actually compelling discovery by a particular date, it is clearly analogous.

Finally, the trial date set by the court was only a few weeks beyond the discovery cut-off date. Plaintiffs' untimely compliance with the discovery request necessarily compromised defendant's ability to have the information necessary to go forward with trial on the date set by the court.[5]

---

**3.** Various proceedings in this case were heard by five different trial judges. The retirement of one judge effectively cost plaintiffs a prior trial setting.

**4.** *Cf. Maxfield v. Rushton,* 779 P.2d 237, 241 (Utah Ct.App.1989) (Orme, J., concurring specially) (when case had been pending for almost ten years, length of time the action had been pending was a relevant consideration in court's sua sponte decision that case should be dismissed).

**5.** Plaintiffs argue no prejudice actually resulted because the interrogatories sought information which was duplicative, extraneous, and unimportant. If this were true, a timely objection or motion for protective order would have been in order. Neither was made. We decline to consider this contention for the first time on appeal. *See, e.g., Zions First Nat'l Bank v. National Am. Title Ins. Co.,* 749 P.2d 651, 655 (Utah 1988). *See also* C. Wright & A. Miller, *Federal Practice and Procedure* § 2291, at 810–11 (1970) ("A party may not defend against sanctions under Rule

Moreover, the untimeliness of plaintiffs' answers effectively precluded defendant from undertaking, in a timeframe consistent with the discovery cut-off order, such follow-up discovery as might have been prompted by the interrogatory answers.

## CONCLUSION

Given the applicable law, the wide discretion the trial court has in imposing discovery sanctions, and the supporting factors discussed above, the trial court did not abuse its discretion in entering a default judgment against plaintiffs.

Because the court's entry of default judgment is fully supported as indicated by the foregoing analysis, and entry of the default judgment was sufficient, by itself, to dispose of the case, we need not address the issue of whether the entry of summary judgment was also proper in this case.

Affirmed.

BILLINGS and GARFF, JJ., concur.

37(d) by contending that the request for discovery was improper or objectionable. If he takes this view, he is required to apply for a protective order under Rule 26(c).").