2002 UT App 254

**Robert L. JOSEPH, Petitioner,**

v.

**SALT LAKE CITY CIVIL SERVICE COMMISSION, Salt Lake City Corporation, Salt Lake City Police Department, and the Chief of Police, Respondents.**

No. 20010399–CA.

Court of Appeals of Utah.

July 26, 2002.

Robert L. Joseph, Sandy, Petitioner Pro Se.

Martha S. Stonebrook, Salt Lake City Law Department, Salt Lake City, for Respondents.

Before Judges BILLINGS, GREENWOOD, and THORNE.

## OPINION

THORNE, Judge:

¶1 Robert L. Joseph appeals from an order of the Salt Lake City Civil Service Commission (the Commission) dismissing his administrative appeal following his repeated failure to comply with discovery requirements. We affirm.

## BACKGROUND

¶2 In March of 1999, Joseph was involved in an incident that resulted in the Salt Lake City Police Department (the City) determining that he had acted unprofessionally and had violated the City's deadly force policy. While this finding was later affirmed by the Commission, Joseph was permitted to continue his employment pending the results of a fitness for duty examination. Thus, Joseph was examined by Dr. David McCann, who, in March of 2000, submitted to the City the following conclusions regarding Joseph:

> [He] has Disordered Personality Traits which have contributed to him placing himself in jeopardy in the shooting incident and in other incidents. Officer Joseph's personality traits have caused him to be excessively self-centered and unwilling to learn from peers or superiors. His personality traits are likely to lead him to increased isolation and alienation from appropriate professional supervision and the needs of the citizens of Salt Lake City. Personality traits similar to those of Offi-

cer Joseph's are notably resistant to psychotherapeutic intervention, additional training, closer supervision or disciplinary action. His personality traits cause an increased risk for harm to himself, to other officers and to the citizens of Salt Lake City. In [Dr. McCann's] opinion, Officer Joseph is not psychologically suitable to perform the duties of a police officer.

Based at least in part on this evaluation, on March 31, 2000, the City's Chief of Police, Mac Connole, terminated Joseph's employment. Joseph appealed the City's decision to terminate his employment to the Commission.

¶ 3 Soon after learning of the appeal, the City requested certain documents and materials known or suspected to be in Joseph's possession. Joseph, however, neither proffered the requested discovery materials nor did he petition the Commission for protection from the request. Over the course of the next ten months, the City repeatedly renewed its request, which Joseph ignored on every occasion. Frustrated with Joseph's refusal to cooperate, the City filed a motion to dismiss as a sanction for Joseph's inaction. This finally roused Joseph to act.

¶ 4 To stave off possible dismissal, Joseph, through counsel, entered into a stipulation with the City. Joseph agreed to supply *all* of the requested material within fifteen days or face renewal of the dismissal motion, likely ending his appeal. Following a hearing on the proposed agreement, the Commission adopted the stipulation and specifically informed Joseph's attorney that failure to comply with the clear terms of the agreement would result in his appeal being dismissed with prejudice. Nonetheless, Joseph failed to timely produce the requested material, thereby violating the terms of the stipulation.

¶ 5 The City subsequently renewed its request for dismissal, which the Commission readily granted on April 9, 2001. Then, after a hearing on Joseph's motion to strike the order of dismissal, the Commission found that Joseph had presented no good cause to explain his failure to comply with the terms of the stipulation and denied his motion. Joseph now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 While Joseph submits several arguments for our review, only one is properly before this court.

¶ 7 Joseph argues that the Commission erred in dismissing his appeal as a discovery sanction. We will reverse an adjudicative body's decision to levy discovery sanctions only in the face of a clear abuse of discretion. *See Hales v. Oldroyd,* 2000 UT App 75, ¶ 15, 999 P.2d 588.

## ANALYSIS

¶ 8 Prior to addressing Joseph's claim, we must first determine whether this court is properly vested with jurisdiction over his claim. While we are generally limited in our authority to address issues sua sponte, *see In re R.N.J.,* 908 P.2d 345, 347 (Utah Ct.App.1995) ("if a [party] has not raised an issue on appeal, we may not consider the issue sua sponte" (quoting *State v. Rodriguez,* 841 P.2d 1228, 1229 (Utah Ct. App.1992)) (alteration in original)), when the issue is jurisdictional we are under no such limitation. *See id.* "[T]he jurisdiction of the Court of Appeals ... must be provided by statute." *DeBry v. Salt Lake County,* 764 P.2d 627, 627 (Utah Ct.App.1988) (citing Utah Const. art. VIII, § 5). In the absence of a specific statute granting this court jurisdiction over the subject matter, we have no jurisdiction. *See Barney v. Division of Occupational & Prof'l. Licensing,* 828 P.2d 542, 543–44 (Utah Ct.App.1992); *DeBry,* 764 P.2d at 628.

¶ 9 Here, were we restricted to the jurisdictional boundaries found in Utah Code Ann. § 78–2a–3(2)(b)(i) (Supp.2001) (granting this court jurisdiction over appeals from the district court's review of "adjudicative proceedings of agencies of political subdivisions of the state or other local agencies"), we would not have jurisdiction and would be forced to dismiss the petition. *See Barney,* 828 P.2d at 544. However, Utah Code Ann. § 10–3–1012.5 (1999) provides an express grant of jurisdiction to this court for the specific purpose of reviewing decisions made

by municipal commissions.[1] Therefore, because the Legislature has provided a specific statute granting this court jurisdiction, we conclude that we have jurisdiction and address Joseph's claim on appeal.

¶ 10 Joseph first argues that the discovery sanction levied by the Commission violates his due process right to a full hearing before the Commission. "Post-deprivation procedures, while not constitutionally guaranteed, must comport with due process requirements providing for a fair hearing." *Lucas v. Murray City Civil Serv. Comm'n,* 949 P.2d 746, 753 (Utah Ct.App.1997). " 'The fundamental requirement of due process is the opportunity to be heard, at a meaningful time and in a meaningful manner, and, *when this opportunity is granted a complainant, who chooses not to exercise it, that complainant cannot later plead a denial of procedural due process.' "* *Utah Dept. of Trans. v. Osguthorpe,* 892 P.2d 4, 8 (Utah 1995) (citation omitted). Moreover, while local administrative bodies are not strictly bound by the formal rules of evidence and procedure, *see Lucas,* 949 P.2d at 755, absent any contrary direction, certain rules, including the rules governing discovery, are clearly applicable to such proceedings. *See* Utah R. Civ. P. 81(a).

¶ 11 When an administrative agency determines that a party has not complied with legitimate discovery requests due to " 'willfulness, bad faith, ... fault, or persistent dilatory tactics frustrating the judicial process,' " the agency acts within its discretion in imposing sanctions. *Hales v. Oldroyd,* 2000 UT App 75,¶ 16, 999 P.2d 588 (citation omitted). " '[T]he choice of an appropriate discovery sanction [including the entry of default against the noncomplying party] is primarily the responsibility of the [agency],' " and "we have long held that we will not interfere [with this choice] unless ' "abuse of that discretion [is] clearly shown." ' " *Morton v. Continental Baking Co.,* 938 P.2d 271, 274 (Utah 1997) (citations omitted) (fifth alteration in original).

¶ 12 Joseph argues that the meaning behind "the opportunity to be heard, at a meaningful time and in a meaningful manner," *Osguthorpe,* 892 P.2d at 8, in this context, immunizes him from dismissal, regardless of his conduct. He is incorrect. While we agree that Joseph has a statutory right to a post-deprivation hearing, *see* Utah Code Ann. § 10-3-1012 (1999); *Lucas,* 949 P.2d at 753, this right, absent contrary rules adopted by the Commission, is tempered by the petitioner's duty to comply with, or at the very least respond to, a properly issued discovery request. Should the petitioner fail in this duty, and the Commission determine that the failure was the product of "willfulness, bad faith, ... fault, or persistent dilatory tactics," *Oldroyd,* 2000 UT App 75 at ¶ 16, 999 P.2d 588, the Commission may, at its discretion, levy sanctions for the failure, including dismissal.

¶ 13 Here, there is no question that Joseph failed to comply with the City's repeated discovery requests. Joseph ignored at least seven requests from the City over the course of ten months. Then, in the face of the City's motion to dismiss, Joseph essentially admitted to fault in failing to produce the requested material, and acknowledged that dismissal would result should he fail again. Based on Joseph's subsequent failure to comply, and following Joseph's admission of fault, the Commission dismissed Joseph's appeal.

¶ 14 After reviewing the record, we conclude that not only did Joseph stipulate to fault regarding his failure to comply with the requested discovery at the stipulation hearing, Joseph's attorney also admitted to being "somewhat dilatory" regarding the City's discovery requests. The Commission, therefore, had an ample basis to justify sanctioning Joseph for his continued failure to comply with the City's discovery requests. *See Oldroyd,* 2000 UT App 75 at ¶ 31, 999 P.2d 588; *see also Osguthorpe,* 892 P.2d at 8. Moreover, after accepting Joseph's initial acknowledgment of fault, the Commission chose to extend Joseph one final opportunity to comply. Joseph failed to avail himself of

---

1. We note that while Utah Code Ann. § 10-3-1012.5 (1999) is titled "Appeal to district court—Scope of review," its plain language vests juris-diction over "[a]ny final action or order of the [municipal] commission" in this court.

that opportunity. Accordingly, we conclude that the Commission did not violate Joseph's due process right to a post-deprivation hearing.

¶ 15 Joseph next argues that the absence of a formal discovery order is determinative. However, an agency is not required to issue an order compelling discovery prior to considering sanctions. *See Tuck v. Godfrey*, 1999 UT App 127, ¶ 19, 981 P.2d 407. " 'It is enough that a notice of the taking of a deposition . . . or a request for inspection has been properly served on the party.' " *Id.* (citation omitted). Furthermore, "[a]lthough parties deserve the opportunity to be heard, 'dismissal . . . is appropriate when a party pursues a claim in a manner that abuses that opportunity.' " *Oldroyd*, 2000 UT App 75 at ¶ 31, 999 P.2d 588.

¶ 16 There is no contention that the City failed to properly serve Joseph with any of its discovery requests. Joseph, in fact, admits having received most, if not all, of the requests. Joseph voluntarily entered into a stipulation with the City wherein he essentially admitted he was at fault for the failure to respond to the City's discovery requests. He further stipulated that any additional failure on his part would result in the renewal of the City's motion to dismiss. Additionally, both Joseph and his attorney were well aware that the Commission had adopted the stipulation and had entered an additional order dismissing Joseph's appeal should he fail to timely produce the requested discovery items.

¶ 17 After reviewing the record, we conclude that not only was Joseph properly served with several discovery requests, any one of which was sufficient to provide Joseph with the notice he argues he did not receive, but also that Joseph was fully aware of the specific penalty he faced should he *again* fail to comply with the City's discovery requests. Therefore, Joseph's second argument fails.

¶ 18 Joseph raises several other issues on appeal. However, because he failed to raise these issues with the Commission, we will not address them here.[2] *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (stating "[a]s a general rule, claims not raised before the trial court may not be raised on appeal"); *Oldroyd*, 2000 UT App 75 at ¶ 24, 999 P.2d 588 (stating " '[a]ny challenge to the merits of a discovery request must be timely filed and put before the trial court, or the claim will be waived' "(citation omitted)); *Godfrey*, 1999 UT App 127 at ¶ 24, 981 P.2d 407 (observing that a failure to raise an objection to a discovery sanction waives the objection).

¶ 19 Accordingly, we affirm the Commission's order dismissing Joseph's appeal.

¶ 20 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and PAMELA T. GREENWOOD, Judge.

---

2. Specifically, Joseph argues that the penalty of dismissal of his appeal was disproportionate to the conduct; that the Commission failed to consider any other reasonable sanction; that the discovery material requested by the City was irrelevant; and that the Commission's reliance on the advice of the City Attorney created a conflict of interest.