2006 UT App 48

AURORA CREDIT SERVICES, INC., a Minnesota corporation, on behalf of itself and all other shareholders of Liberty West Development, a corporation, Plaintiff and Appellant,

v.

LIBERTY WEST DEVELOPMENT, INC., a Utah corporation; XM International, a Utah limited liability company; and Dennis W. Gay, an individual, Defendants and Appellees.

No. 20041080–CA.

Court of Appeals of Utah.

Feb. 16, 2006.

Rehearing Denied March 7, 2006.

Eric P. Hartman, Salt Lake City, for Appellant.

James E. Magleby and Christine T. Greenwood, Magleby & Greenwood PC, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and McHUGH.

## MEMORANDUM DECISION

DAVIS, Judge:

¶1 Plaintiff Aurora Credit Services, Inc. (Aurora) appeals the trial court's entry of

final judgment in favor of Defendants. We affirm.

¶ 2 This appeal arises out of Aurora's failure to respond to discovery requests.[1] On December 4, 2002, Defendants served Aurora with document requests and interrogatories. Defendants did not receive responses to these discovery requests in a timely manner and, as such, filed a motion to compel on January 14, 2003. *See* Utah R. Civ. P. 37(a). The trial court granted the motion in an order dated April 8, 2003 (April 8 Order), giving Aurora until May 19, 2003, to respond to Defendants' discovery requests and ordering all discovery to be completed by May 26, 2003. Although Aurora purported to serve written responses to Defendants' discovery requests on May 7, 2003, Aurora refused to produce any of the documents requested and provided very little information in response to Defendants' interrogatories. Defendants therefore filed a motion for sanctions pursuant to rule 37 of the Utah Rules of Civil Procedure. *See id.* 37(b). The trial court granted Defendants' motion for sanctions and dismissed Aurora's second amended complaint with prejudice. Aurora timely filed this appeal.

¶ 3 Aurora argues that it was under no obligation to respond to Defendants' discovery requests because the requests were mailed to an incorrect address,[2] despite the fact that Aurora's counsel actually received the requests a week after they were mailed. Because Defendants' discovery requests purportedly were not served in accordance with rule 5 of the Utah Rules of Civil Procedure, *see id.* 5(b)(1) (requiring that service upon a party's attorney be made upon the attorney's "last known address"), Aurora contends that the trial court had no authority to grant Defendants' motion to compel. We review the grant or denial of a motion to compel discovery under an abuse of discretion standard. *See Pack v. Case,* 2001 UT App 232, ¶ 16, 30 P.3d 436.

¶ 4 Utah courts have held that actual notice of discovery requests is sufficient to invoke rule 37. *See, e.g., Morton v. Continental Baking Co.,* 938 P.2d 271, 275 (Utah 1997) (affirming the trial court's dismissal of plaintiff's claims under rule 37 where plaintiff "admitted that he received the discovery requests as well as the motion to compel" because it was "disingenuous for [plaintiff] to ... argue that he was not aware of his obligation to respond"); *Utah Dep't of Transp. v. Osguthorpe,* 892 P.2d 4, 8 (Utah 1995) (affirming default judgment against defendant under rule 37, even though defendant denied receiving some of the discovery motions, because defendant "was given ample notice of the proceedings against him and his obligations under the law"). And, under the Utah Rules of Civil Procedure, a party responding to discovery requests must do so within thirty days of their service or risk suffering the consequences for failure to do so. *See* Utah R. Civ. P. 33(b)(3)-(4) (interrogatories), 34(b)(2) (production of documents), 37(a)-(b) (sanctions for failure to cooperate in discovery); *Tuck v. Godfrey,* 1999 UT App 127, ¶ 27, 981 P.2d 407 ("Under [r]ule 34, parties have thirty days in which to serve a written response to discovery requests. Failure to respond in the appropriate time frame may subject the non-complying party to sanctions under [r]ule 37." (citation omitted)); *W.W. & W.B. Gardner, Inc. v. Park W. Vill., Inc.,* 568 P.2d 734, 738 (Utah 1977) (affirming default judgment pursuant to rule 37, where defendant failed to respond to discovery within thirty days, because "[a] defendant may not ignore with impunity the requirements of [r]ules 33 and 34, and the necessity to respond within thirty days").

¶ 5 Here, Defendants served Aurora with their discovery requests on December 4, 2002. However, due to the single-digit typographical error in counsel's address, Aurora did not receive the discovery requests until

---

1. The entire rendition of the facts of this case is set forth at length in *Aurora Credit Services, Inc. v. Liberty West Development, Inc.,* 970 P.2d 1273 (Utah 1998).

2. The discovery requests were served with a single-digit typographical error. Rather than being addressed to Aurora's counsel at the correct address of 2558 South Wilshire Circle, Salt Lake City, Utah 84109, the requests were addressed to Aurora's counsel at 2258 South Wilshire Circle, Salt Lake City, Utah 84109.

approximately December 11, 2002. At the very latest, therefore, Aurora was required to serve written responses to Defendants' discovery requests on or before January 10, 2003.[3] Yet, Aurora's first written response did not come until January 16, 2003, when Aurora argued in a motion to strike the discovery requests that a prior court order precluded Defendants from conducting further discovery. It was not until January 27, 2003, when Aurora filed its opposition to Defendants' motion to compel, that Aurora first raised the issue of Defendants' allegedly inadequate service. Quite simply, Aurora did not respond to Defendants' discovery requests within the thirty days required by the Utah Rules of Civil Procedure and did not even raise the issue of proper service of Defendants' discovery requests until well after the thirty days had expired. Because Aurora did not file any written response whatsoever within the thirty days defined in the Utah Rules of Civil Procedure, it was well within the trial court's discretion to grant Defendants' motion to compel discovery pursuant to rule 37.

■ ¶ 6 Aurora next argues that it did not violate the April 8 Order because that Order required Aurora to "respond" to Defendants' discovery requests and Aurora did just that when it served written responses and objections on May 7, 2003. We review the trial court's finding that Aurora violated the April 8 Order for an abuse of discretion. *See Schoney v. Memorial Estates, Inc.*, 790 P.2d 584, 585 (Utah Ct.App.1990) ("Management of the actions pending before it is uniquely the business of the trial court and while an appellate court may, of course, intervene if discretion is abused, we accord trial courts considerable latitude in this regard and considerable deference to their determinations concerning discovery."). A "complete failure" to comply with discovery is not required to find that a motion to compel discovery has been violated. *Hales v. Oldroyd*, 2000 UT App 75, ¶ 18, 999 P.2d 588

("No finding of a 'complete failure' to comply with discovery is required. Indeed, dismissal as a discovery sanction has been upheld for late or incomplete discovery responses.").

■ ¶ 7 Here, the trial court did not abuse its discretion in determining that Aurora violated the April 8 Order. The body of that Order consists of three paragraphs. In the first paragraph, the trial court granted Defendants' motion to compel discovery and gave Aurora until May 19, 2003, to respond to Defendants' discovery requests. In the second paragraph, the trial court stated that it would appoint a special master to preside over any discovery "disputes" that remained after Aurora responded. Finally, the third paragraph of the April 8 Order ordered all discovery to be completed by May 26, 2003.[4] Despite the clear language of the April 8 Order, to date Aurora has provided almost no information in response to Defendants' interrogatories and has refused to produce any of the documents Defendants requested. Instead, on May 7, 2003, Aurora chose to serve written responses that consisted primarily of objections, all of which were served almost four months after they were due and were therefore waived. *See Tuck*, 1999 UT App 127 at ¶ 28, 981 P.2d 407 ("Any challenge to the merits of a discovery request must be timely filed ... or the claim will be waived."); *Hales*, 2000 UT App 75 at ¶ 24, 999 P.2d 588 (same).

¶ 8 Aurora also has continued to rely upon the special master language contained in the April 8 Order, arguing that Aurora was "harmed by the court's failure to abide by its prior promise to appoint a special master." However, such argument is contrary to the very language of that Order, which called for the appointment of a special master if there remained any discovery "disputes" *after* Aurora responded to Defendants' discovery requests. The language referencing the special master in no way relieved Aurora from complying with the April 8 Order. Further-

---

**3.** On January 10, 2003, Aurora informed Defendants telephonically that it was not going to respond to Defendants' discovery requests.

**4.** In the March 26, 2003 hearing on Defendants' motion to compel, the trial court emphasized

that the cut-off date for discovery was unequivocal: "All discovery in this case will be completed sixty days from today's date. Operative word is completed, gentlemen. This case is almost as old as my children."

more, there was no discovery "dispute" to resolve here; instead, Aurora simply refused to provide information and documents in response to Defendants' discovery requests. Because Aurora failed to adequately respond to Defendants' discovery requests by May 19, 2003, and completely disregarded the trial court's discovery cut-off date of May 26, 2003, the trial court did not abuse its discretion in determining that Aurora violated the April 8 Order.

¶ 9 Aurora next contends that the trial court erred when it dismissed Aurora's second amended complaint with prejudice pursuant to rule 37(b). Under rule 37(b), a party that "fails to obey an order to provide or permit discovery" may be subject to an order "dismissing the action or proceeding." Utah R. Civ. P. 37(b)(2)(C). A party's conduct merits sanctions under this rule if "(1) the party's behavior was willful; (2) the party has acted in bad faith; (3) the court can attribute some fault to the party; or (4) the party has engaged in persistent dilatory tactics tending to frustrate the judicial process." *Morton v. Continental Baking Co.*, 938 P.2d 271, 276 (Utah 1997). "To support a finding of willfulness, there need only be any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown. Once this threshold is met, the choice of an appropriate discovery sanction is primarily the responsibility of the trial judge." *Tuck v. Godfrey*, 1999 UT App 127, ¶ 16, 981 P.2d 407 (quotations and citations omitted). Indeed, trial courts "have 'broad discretion in selecting and imposing sanctions for discovery violations, including dismissing the noncomplying party's [pleadings].' Appellate courts may not interfere with such discretion unless abuse of discretion is clearly shown." *Id.* at ¶ 15 (alteration in original) (citation omitted); *see also Utah Dep't of Transp. v. Osguthorpe*, 892 P.2d 4, 6 (Utah 1995) ("Because trial courts must deal first hand with the parties and the discovery process, they are given broad discretion regarding the imposition of discovery sanctions." (quotations and citation omitted)).

¶ 10 Here, the trial court did not abuse its discretion. Aurora informed Defendants that it did not intend to respond to Defen-

dants' discovery requests, and instead filed a motion to strike the requests. Even after Defendants' motion to compel had been granted, Aurora did not provide the information or documents requested, but rather filed motions intended to delay discovery such as a motion to delay a deposition and a motion to toll discovery deadlines. Finally, in May 2003, Defendants filed a motion for sanctions asking the trial court to strike the second amended complaint pursuant to rule 37. Aurora still refused to provide any information or produce any documents during the year in which Defendants' motion was pending. In June 2004, the trial court found Aurora's failure to comply with the April 8 Order was "blatant and willful" and therefore dismissed Aurora's second amended complaint with prejudice.

¶ 11 Utah courts have affirmed dismissal of proceedings in situations similar to the one at issue here. *See, e.g., Morton*, 938 P.2d at 275–76 (affirming dismissal as a discovery sanction, where plaintiff "had plenty of warning that his case was in trouble, considering he admitted to having received the motion to compel which specifically requested a court order ... threatening dismissal" but "did nothing to show the court that he was interested in diligently prosecuting his case," because plaintiff's failure to respond to discovery was "*at least* willful"); *Hales v. Oldroyd*, 2000 UT App 75, ¶¶ 26–30, 999 P.2d 588 (affirming dismissal of complaint as a discovery sanction, where plaintiff "continually delayed in responding to discovery requests," because plaintiff's failure to comply was willful); *Tuck*, 1999 UT App 127 at ¶ 25, 981 P.2d 407 (affirming entry of default judgment as a discovery sanction, where defendant "had done virtually nothing" to advance discovery, because defendant's behavior was "willful" (quotations omitted)); *Schoney v. Memorial Estates, Inc.*, 790 P.2d 584, 586 (Utah Ct.App.1990) (affirming entry of default judgment as discovery sanction where "[p]laintiffs should have been abundantly aware that time to answer beyond that permitted by [r]ule 33 was not likely to be forthcoming as a matter of judicial grace," the case "had been pending for years before

judgment was finally entered," and the court had "unqualifiedly indicat[ed] its desire to bring the lengthy proceedings to an end" by "impos[ing] an order fixing a cut-off date for discovery"). We conclude that the trial court did not abuse its discretion in dismissing Aurora's second amended complaint with prejudice pursuant to rule 37(b)(2)(C).

¶ 12 Affirmed.

¶ 13 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and CAROLYN B. McHUGH, Judge.