This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 27,166**

**RUBEN LARA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his convictions for one count of trafficking a controlled substance (cocaine) and possession of drug paraphenalia and two counts of possession of a controlled substance (methamphetamine and marijuana). In a previous memorandum opinion, we affirmed Defendant's convictions. *State v. Lara*, No. 27,166, slip op. (N.M. Ct. App. May 14, 2009). Our Supreme Court granted a writ of certiorari to determine whether the district court violated Defendant's confrontation rights in admitting as evidence the report of a non-testifying Department of Public Safety Southern Forensic Laboratory (Crime Lab) forensic analyst and by allowing testimony regarding the report by a forensic analyst not involved in preparing the report. After deciding *State v. Aragon*, 2010-NMSC-008, 147 N.M. 474, 225 P.3d 1280, our Supreme Court remanded this case to this Court to reconsider our decision in light of *Aragon*. Because Defendant failed to preserve his confrontation claim and the admission of the report and testimony did not rise to the level of fundamental error, we affirm.

**BACKGROUND**

Defendant was convicted of one count of trafficking cocaine and one count each of possession of drug paraphernalia, methamphetamine, and marijuana.

At trial, Eric Young, a forensic analyst at the Crime Lab, testified regarding the result of a drug analysis performed by another forensic analyst at the Crime Lab,

Danielle Elenbaas. Young testified that Elenbaas conducted a drug analysis on the State's Exhibits 2-7. He testified that Elenbaas concluded that Exhibits 6 and 7 were cocaine, Exhibits 3, 4, and 5 were methamphetamine, and Exhibit 2 was marijuana. Although Young testified as to the procedures used by analysts at the Crime Lab, he testified that he had no personal knowledge of how Elenbaas conducted the analysis in this case, and he only reviewed her report. Following the testimony, defense counsel moved to strike the testimony, arguing that Young "does not have sufficient knowledge necessary to provide the essential elements of the hearsay exception." The district court overruled the objection, holding that the report and testimony were admissible under the business records exception.

**PRESERVATION AND STANDARD OF REVIEW**

While Defendant argues that his general hearsay objection preserved his confrontation clause argument, in our previous memorandum opinion, we determined that Defendant asserted for the first time on appeal that Young's testimony violated his right to confrontation. Indeed, Defendant's general hearsay objection and failure to invoke a ruling on whether his confrontation rights were violated did not preserve Defendant's confrontation claim. *See State v. Lucero*, 104 N.M. 587, 591, 725 P.2d 266, 270 (Ct. App. 1986) (holding that a hearsay objection was not sufficiently specific to alert the district court to preserve a confrontation claim). We therefore

review Defendant's claim for fundamental error. *See State v. Bullcoming*, 2010-NMSC-007, ¶ 41, 147 N.M 487, 226 P.3d 1 (holding that "because counsel did not object under the Confrontation Clause in the trial court, this Court must review the issue under fundamental error"), *cert. granted, Bullcoming v. New Mexico*, __ U.S. __, 131 S. Ct. 62 (2010).

"Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *Bullcoming*, 2010-NMSC-007, ¶ 41 (internal quotation marks and citation omitted). Fundamental error also applies when substantial justice has not been served to the extent that judicial integrity is undermined, regardless of the apparent guilt of the defendant. *State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176.

**CONFRONTATION CLAUSE**

In our previous memorandum opinion, we relied on *State v. Delgado*, 2009-NMCA-061, 146 N.M. 402, 210 P.3d 828, *overruled by Aragon*, 2010-NMSC-008, ¶ 19, and held that Elenbaas' report was admissible under the business records exception to the hearsay rule. We further held that Young's testimony, as opposed to testimony from Elenbaas, did not violate Defendant's right to confrontation. Our Supreme Court has since overruled *Delgado* in *Aragon*, 2010-NMSC-008, ¶ 19. In

4

*Aragon*, our Supreme Court held that the admission of a report authored by a non-testifying forensic analyst and the trial testimony of an analyst who did not prepare the report violated the defendant's right to confrontation. *Id.* However, despite the confrontation clause violation, the Court affirmed the defendant's conviction for possession of a controlled substance because the confrontation clause violation was harmless error. *Id.* ¶ 36.

Our present case is indistinguishable from *Aragon*, and the admission of the Elenbaas' report without her accompanying testimony violated Defendant's confrontation rights. Nevertheless, we hold that the admission of the report and Young's testimony did not rise to the level of fundamental error because there was sufficient evidence, even without Elenbaas' report and Young's testimony, for a jury to find Defendant guilty. *See State v. Rodriguez*, 81 N.M. 503, 505, 469 P.2d 148, 150 (1970) ("If there is substantial evidence . . . to support the verdict of the jury, we will not resort to fundamental error.").

Officer John Martinez, one of the officers who responded to the scene, testified that he conducted a field test on either the State's Exhibit 6 or 7 and that the exhibit tested positive for cocaine. He further testified that Defendant possessed a crack pipe and a large amount of currency. After questioning, Defendant admitted to Officer Martinez that he sold illegal narcotics and that substances found hidden underneath

a vehicle belonged to him. Therefore, even without the testimony of Young or Elenbaas' report, there was sufficient evidence presented to the jury to convict Defendant of trafficking cocaine and possessing drug paraphernalia and illegal narcotics. Defendant's guilt was not so doubtful as to shock the conscience of this Court, and, therefore, there was no fundamental error. *See State v. Johnson*, 2010-NMSC-016, ¶ 25, 148 N.M. 50, 229 P.3d 523 ("Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." (internal quotation marks and citation omitted)).

Moreover, Defendant never challenged the reliability of Elenbaas' report and the identification of the exhibits as cocaine, methamphetamine, and marijuana. There cannot be fundamental error when the error only affects an undisputed issue or element in the case. *Cf. State v. Castro*, 2002-NMCA-093, ¶ 2, 132 N.M 646, 53 P.3d 413 ("[E]rror in submitting an instruction omitting an essential element is harmless where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested[.]" (internal quotation marks and citation omitted)). While Defendant asserts that "[t]here is a high probability that [Defendant's] case would have turned out differently," Defendant does not provide specifics as to how Elenbaas' testimony would have affected the verdict. Defendant never argued that the report

was unreliable, and his defense theory was never that the substances were not narcotics. As opposed to challenging the identification of the substances as narcotics, Defendant's theory throughout the case was that the substances did not belong to him. Indeed, defense counsel stated that "[t]here's not going to be any dispute that there were some items found, some contraband that were found."

Defendant also argues that because New Mexico courts followed *State v. Dedman*, 2004-NMSC-037, ¶¶ 30, 46, 136 N.M. 561, 102 P.3d 628 (holding that Scientific Laboratory Division blood alcohol report was non-testimonial and therefore not subject to a confrontation clause challenge), *overruled by Bullcoming*, 2010-NMSC-007, ¶ 16, prior to *Aragon* and *Bullcoming*, Defendant's objection to Young's testimony and Elenbaas' report on confrontation clause grounds would have been futile. Defendant cites *Commonwealth v. Vasquez*, 923 N.E.2d 524, 528 (Mass. 2010) (holding that a defendant who failed to preserve confrontation clause argument was entitled to review as if argument was preserved by proper objection because the law in effect at the time of the trial would have made objection futile), in arguing that we should address Defendant's confrontation clause claim as if it was properly preserved. If we were to accept Defendant's argument, we would apply the harmless error standard instead of fundamental error analysis to the violation of Defendant's confrontation rights. *See Aragon*, 2010-NMSC-008, ¶¶ 34-36 (holding that admission

7

of a report by non-testifying forensic analyst and trial testimony by another analyst violated the defendant's confrontation rights but that the error was harmless).

If Defendant properly preserved his confrontation claim, the admission of Elenbaas' report and Young's testimony was harmless error. "A reviewing court should only conclude that a constitutional error is harmless when there is no reasonable possibility it affected the verdict." *Id.* ¶ 35 (alterations, internal quotation marks, and citation omitted). We consider three non-determinative factors in applying harmless error analysis: whether (1) absent the improper evidence there is sufficient evidence to support the convictions, (2) there is a disproportionate volume of permissible evidence compared to improper evidence, and (3) there is conflicting evidence to discredit the improper evidence. *Id.* We weigh these factors and uphold the conviction only if we conclude with the requisite level of certainty that the error did not contribute to the verdict. *Id.*

While there was not a disproportionate volume of permissible evidence that the substances were narcotics and therefore the second harmless error factor weighs in Defendant's favor, the first and third factors weigh in favor of the State. As to the first factor, as we determined in our fundamental error analysis, sufficient evidence supports Defendant's convictions. Moreover, the third factor weighs heavily in the State's favor. Defendant did not present conflicting evidence as to whether Exhibits

2-7 were narcotics or that Elenbaas' report was unreliable or flawed in any way. Indeed, Defendant's theory throughout the case was that the substances did not belong to him. The admission of Elenbaas' report and Young's testimony was therefore harmless error. *See State v. McDonald*, 2004-NMSC-033, ¶ 12, 136 N.M. 417, 99 P.3d 667 (holding that error was harmless when there was sufficient evidence at trial that was "essentially uncontested").

**CONCLUSION**

Because we conclude that the admission of Elenbaas' report into evidence without her accompanying testimony and Young's testimony regarding Elenbaas' report was not fundamental error, or alternatively was harmless error, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**CYNTHIA A. FRY, Judge**

9