2011 UT App 409

**Yvonne MARTIN, Petitioner and Appellant,**

v.

**Petter KRISTENSEN, Respondent.**

**Frank O. Kristensen, et al, Appellees.**

**No. 20110820–CA.**

Court of Appeals of Utah.

Dec. 1, 2011.

Stephen K. Christiansen, Salt Lake City, for Appellant.

John W. Anderson, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Yvonne Martin appeals the district court's August 12, 2011 Judgment and Order concerning attorney fees awarded to Appellees (Unrelated Parties). The attorney fees were awarded to the Unrelated Parties after the district court granted their motions to quash a number of subpoenas. This matter is before the court on its own motion for summary disposition based upon lack of ju-

court denied the motion. Accordingly, the notice of appeal was untimely.

risdiction due to the absence of a final, appealable order.

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule, such as certification under rule 54(b) of the Utah Rules of Civil Procedure. *See Loffredo v. Holt*, 2001 UT 97, ¶¶ 10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The judgment and order entered by the district court is not a final order because it does not dispose of all claims against all parties in the litigation. The judgment resolved Unrelated Parties' request for attorney fees associated with quashing certain subpoenas. The judgment does not resolve all claims between the actual parties to the litigation. Further, it appears that the attorney fee judgment did not even resolve all the issues between Martin and the Unrelated Parties. Thus, because numerous issues remain to be resolved between the parties, the judgment and order was not a final, appealable order. *See Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536–37 (Utah 1979) (stating that a judgment imposing sanctions for discovery violations was not final for purposes of appeal when such judgment did not dispose of all parties and issues in the litigation); *Tuck v. Godfrey*, 1999 UT App 127, ¶ 3 n. 2, 981 P.2d 407 (concluding that an order imposing discovery sanctions against one party was correctly before the court of appeals because it had been properly certified as final pursuant to rule 54(b) of the Utah Rules of Civil Procedure). Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo*, 2001 UT 97, ¶ 11, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.[1]

---

1. Martin asks this court to "clarify" that the judgment may not be executed upon until a final, appealable order has been entered. Martin fails to cite any authority that would allow this court to make such a pronouncement, especially when we lack jurisdiction over the appeal. Accordingly, such request is denied. Unrelated Parties request an award of attorney fees under rule 33 of the Utah Rules of Appellate Procedure. Their request is denied.